## WILLIAM C. GUSTINE v. LEVI L. PHILLIPS.

*Stoppage in transitu.*

The vendor's right of stoppage *in transitu* is based on the vendee's insolvency, unknown at the time of the sale or arising afterwards.

Issue of attachment is no evidence of defendant's insolvency.

Case made from Kent.   Submitted April 11.   Decided April 16.

REPLEVIN.   Defendant had judgment below.

*Clay & Parrish* for plaintiff.   The right of stoppage *in transitu* was introduced into the common law as early as 1690.   *Wiseman v. Vandeputt,* 2 Vern., 203, but it was said by Lord Abinger in 1841 that the principle on which it depended had never been satisfactorily stated, *Gibson v. Caruthers,* 8 M. & W., 321; it is paramount however to any lien held by a third party unless it arises from necessary expenses incurred as to the goods, *Hause v. Judson,* 4 Dana, 11; any probable information of such embarrassment as will prevent the vendee from meeting the demands of his creditors, will justify a stoppage *in*

*transitu,* Story on Sales, § 329, and the vendor may judge for himself as to the danger of such insolvency, *Morris v. Shryock,* 50 Miss., 590; Smith's Merc. Law, 647; if a vendor stops goods in good faith, believing the purchaser to be insolvent, the latter may at once pay or secure the debt, Pars. Merc. Law, 61; Benj. on Sales, § 838; seizure of goods on attachment justifies a vendor in stopping them *in transitu, Smith v. Goss,* 1 Camp., 282: *Naylor v. Dennie,* 8 Pick., 198; *Hays v. Mouille,* 14 Penn. St., 48; *Benedict v. Schaettle,* 12 Ohio St., 515; *Calahan v. Babcock,* 21 Ohio St., 251; *O'Brien v. Norris,* 16 Md., 122; Drake on Attachment, § 245; no particular mode of stoppage is required, Benj. Sales, § 859.

*Simonds & Fletcher* for defendant. A vendor can exercise the right of stoppage *in transitu* only against an insolvent buyer. Benj. Sales, §§ 837-8; Story on Sales, §§ 326-329; 2 Schouler Pers. Property, 589.

Per Curiam. This was an action of replevin for certain goods sold by the plaintiff at Grand Rapids to Morton & Gale of Greenville, and which were attached by the defendant on a demand against one of the firm of Morton & Gale, before the goods had left Grand Rapids, and while they were in the hands of a carrier for transportation. It is not denied by the plaintiff that his sale of the goods to Morton & Gale was complete, but the sale was on credit, and he insists on his right to reclaim them *in transitu.* But the facts make out no such right. That right is grounded on the insolvency of the vendees, unknown at the time of the sale or arising afterwards, and the circuit judge finds in this case that insolvency was not shown. Indeed, unless it can be said that the mere fact that an attachment was sued out against one of the vendees is some evidence of the insolvency of the firm, the showing was all the other way, and it is remarkable, in view of the nature of the plaintiff's claim, that after obtaining the goods on the writ of replevin, the plaintiff immediately sent them

in his own name to Morton & Gale, who made payment therefor. Of course the mere suing out of an attachment is no evidence of the defendant's insolvency,—much less of that of a partnership to which he belonged. It is plain, therefore, that this suit cannot be supported.

The judgment must be affirmed with costs.